IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANGELO DAVID PENQUE, #A6110619, | ) ) ) | CIV. NO. 20-00338 DKW-WRP |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTIONS "TO ALLOW PLAINTIFF TO ATTACH PROCEEDINGS |
| vs. | ) ) ) | UNDER 'FTCA' OR A (BIVENS) OR NEGLIGENCE COMPLAINT |
| DEP'T OF PUBLIC SAFETY, et al., | ) ) ) | UNDER 28 U.S.C. 1332;" AND FOR APPOINTMENT OF COUNSEL |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a Hawaii state prisoner incarcerated at the Maui Community Correctional Center (MCCC). Plaintiff requests the court consider his recently-filed civil rights complaint in this action as brought concurrently under 42 U.S.C. § 1983, the Federal Tort Claims Act (FTCA), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and as alleging diversity jurisdiction under 28 U.S.C. § 1332 regarding an unidentified negligence claim. *See* ECF No. 9. Plaintiff also seeks appointment of counsel. *See* ECF No. 8. For the following reasons, Plaintiff's motions are DENIED.

## I.  FTCA

The FTCA, 28 U.S.C. §§ 2671-2680, is the exclusive remedy for tortious conduct by employees of the United States.  It operates as a limited waiver of sovereign immunity by the United States.  The FTCA provides a remedy against the United States only, not individual federal employees.  Here, Plaintiff alleges claims against Hawaii state prison officials at MCCC for alleged civil rights violations that occurred at MCCC.  Nothing within his pleadings or motion remotely suggests that any federal employee was involved in his allegations.  Plaintiff's request to proceed concurrently under the FTCA and 42 U.S.C. § 1983 is DENIED.

## II.  BIVENS

*Bivens* recognized for the first time an implied cause of action for damages against *federal actors* in their individual capacity for violating a plaintiff's civil rights; it is analogous to a suit brought against *state* actors under 42 U.S.C. § 1983.  *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).  "[A]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)).  Thus, to state a *Bivens* claim for damages, a plaintiff must allege facts showing

that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor.  *Van Strum*, 940 F.2d at 409.

For the same reasons that Plaintiff, a state prisoner alleging claims against state prison officials, cannot proceed under the FTCA, he cannot maintain this action under *Bivens* and his request is DENIED.

### III.  <u>28 U.S.C. § 1332</u>

Plaintiff appears to allege that this Court has federal diversity jurisdiction over an unidentified state-law negligence claim.  To invoke diversity jurisdiction, Plaintiff must prove that there is diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  For purposes of diversity jurisdiction, plaintiffs and defendants must be completely diverse.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("we have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction

requires complete diversity between the parties–each defendant must be a citizen of a different state from each plaintiff.").

Plaintiff is incarcerated on Maui and complains about incidents that occurred there.  He names employees of the Hawaii Department of Public Safety who are employed at MCCC, located on Maui. Plaintiff alleges no basis for finding diversity jurisdiction over this action and his request is DENIED.[1]

## IV.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel; he says that he is unable to afford counsel, the issues he presents are complex, and that he has limited knowledge of the law.  *See* ECF No. 8.  First, there is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981).  The court may only request counsel to appear pro bono on a plaintiff's behalf.  28 U.S.C. § 1915(e)(1)); *Mallard v. Dist. Court*, 490 U.S. 296 (1989).

---

[1] In the absence of diversity jurisdiction, the only basis for exercising jurisdiction over Plaintiff's negligence claim is under 28 U.S.C. § 1367.  Pursuant to § 1367, a federal court with original jurisdiction may exercise jurisdiction over related state-law claims. The Court has not screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and makes no determination whether supplemental jurisdiction over unidentified negligence claims is warranted. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (holding the court may decline jurisdiction over state law claims if all federal claims are dismissed).

The court's discretion to appoint counsel is governed by a plaintiff's likelihood of success on the merits and ability to articulate his or her claims in light of their complexity.  That is, a plaintiff's ability to show "exceptional circumstances" supporting the appointment of counsel.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Plaintiff can read, write, and articulate his claims.  Further, *any* prisoner's ability to litigate a case pro se is hampered to some extent by his or her indigency and incarceration.  A cursory review of the Complaint does not reveal that Plaintiff's claims are complex.

Moreover, the court has not screened the Complaint to determine whether it states a plausible claim for relief against the named Defendants and should be served.  Consequently, the Court is unable to determine Plaintiff's likelihood of success, or discern whether there are exceptional circumstances justifying the appointment of counsel.  *Terrell*, 935 F.2d at 1017.  Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice to refiling after the Complaint is screened and served and Defendants have filed a response.

# V.  <u>CONCLUSION</u>

(1)  Plaintiff's request to consider this action under the Federal Tort Claims

Act (FTCA), *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1332, ECF No. 9, is DENIED.

(2)   Plaintiff's Motion for Appointment of Counsel, ECF No. 8, is DENIED.

IT IS SO ORDERED.

DATED: September 4, 2020 at Honolulu, Hawaii.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Angelo David Penque v. Dep't of Public Safety, et al*; Civil No. 20-00338 DKW-WRP; **ORDER DENYING PLAINTIFF'S MOTIONS "TO ALLOW PLAINTIFF TO ATTACH PROCEEDINGS UNDER 'FTCA' OR A (BIVENS) OR NEGLIGENCE COMPLAINT UNDER 28 U.S.C. 1332;" AND FOR APPOINTMENT OF COUNSEL**

*Penque v. Dep't of Public Safety, et al.*, No. 1:20-cv-00338 DKW-WRP; apptcoun '20 (dny FTCA Bivens counsel); J:\PSA Draft Ords\DKW\Penque 20-cv-338  DKW (dny FTCA or Bivens claims and mapptcoun) FINAL.wpd