IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELO DAVID PENQUE, ) | CIVIL NO. 20-00338 DKW-WRP |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO DENY |
| vs. ) | PLAINTIFF'S MOTION FOR |
| ) | LIMITED APPOINTMENT OF |
| DEPARTMENT OF PUBLIC SAFETY, ) | COUNSEL UNDER 28 U.S.C. § 1915 |
| ET AL., ) | WITHOUT PREJUDICE |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR LIMITED APPOINTMENT OF COUNSEL UNDER 28 U.S.C. § 1915
WITHOUT PRJEUDICE

On November 12, 2021, Plaintiff filed a Motion for Limited Appointment of Counsel Under 28 U.S.C. § 1915. See ECF No. 40. The Court finds this Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that the District Court DENY Plaintiff's Motion WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff is presently incarcerated and proceeding pro se and in forma pauperis in this action involving allegations he was denied adequate medical care while confined at Maui Community Correctional Center (MCCC). See ECF Nos.

6, 15.

    The District Court previously denied Plaintiff's request for appointment of counsel. See ECF No. 10 at 5. The District Court concluded Plaintiff could read, write, and articulate his claims and, as to the then-operative pleading, determined that "[a] cursory review of the Complaint does not reveal that Plaintiff's claims are complex." Id. Given the District Court had not yet screened the Complaint, it could not determine Plaintiff's likely success on any claims or discern whether exceptional circumstances justified the appointment of counsel. See id. The District Court therefore denied Plaintiff's motion for appointment of counsel without prejudice to him refiling the request after the Complaint was screened and served and any Defendant filed a response. See id.

    Thereafter, the District Court screened Plaintiff's initial Complaint and the operative pleading, his First Amended Complaint. See ECF Nos. 11, 16. The District Court permitted Plaintiff's claim for denial of adequate medical care to proceed against Defendant Jennifer Lopez (Count II). See ECF No. 16 at 12-13, 17-18. Count II alleges Plaintiff was denied adequate medical care at MCCC after being assaulted, specifically that his discharge paperwork from the emergency room indicated he needed to see an orthopedic specialist within 48 hours, but that this did not happen until 40 days later. See ECF No. 15 at 11-15. Plaintiff alleges

2

he told Defendant Lopez, a nurse at MCCC, about his need to see a specialist and that failure to do so would require him to undergo surgery, and that his family members also contacted Defendant Lopez. See id. Plaintiff alleges Defendant Lopez rejected these requests and did not check Plaintiff's medical records. See id. Plaintiff alleges the specialist needed to perform more extensive procedures than would have been necessary had Plaintiff been seen sooner. See id. The First Amended Complaint, alleging only this claim, was served on Defendant Lopez, who filed an Answer. See ECF Nos. 25, 27, 29.[1]

## DISCUSSION

Plaintiff now moves again for a limited appointment of counsel because he cannot afford counsel, he is incarcerated, the medical issues in this case require discovery of documents, as well as depositions of Defendant Lopez and the orthopedic specialist, and the issues in this case are complex. See ECF No. 40 at 1-2.

"Generally, a person has no right to counsel in civil actions." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Although a federal court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §

---

[1] The District Court dismissed other claims in the First Amended Complaint with leave to amend, but Plaintiff ultimately failed to file an amended pleading and so the District Court directed that the First Amended Complaint be served on Defendant Lopez as limited by its prior Order, ECF No. 16. See ECF No. 21.

3

1915(e)(1), it does not have the authority "to make coercive appointments of counsel." Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989). A court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in cases presenting "exceptional circumstances." Palmer, 560 F.3d at 970. In determining whether "exceptional circumstances" exist, courts consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted). Neither of these considerations is dispositive, so they must be viewed together. See id.

   The Court FINDS that Plaintiff has not demonstrated exceptional circumstances. "[A]t this early stage when the parties have not yet completed discovery and have not proffered any evidence to the Court in support of their claims, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claim[]." Rademaker v. Paramo, 2018 WL 3303172, at *1 (S.D. Cal. July 5, 2018) (citations omitted).

   In addition, Plaintiff has not shown that he is unable to articulate his claims. Indeed, the District Court previously concluded that Plaintiff can read, write, and articulate his claims, see ECF No. 10 at 5, and stated a plausible claim for denial of adequate medical care, see ECF No. 16 at 12-13. Moreover,

Plaintiff's claim for denial of adequate medical care under the Fourteenth Amendment, and the specific facts alleged in support of that claim, are not "demonstrably complex." See Lucero v. Armale, 2018 WL 5962673, at *2 (S.D. Cal. Nov. 14, 2018) ("These alleged constitutional violations are typical in prison litigation, straightforward, and not demonstrably complex.").

While Plaintiff's Motion and supporting declaration note that his imprisonment limits his ability to engage in discovery and litigate the issues, and that he has limited access to relevant documents, these factors alone do not make his case complex. See Rodela v. Jackson, 2010 WL 145279, at *1 (D. Haw. Jan. 13, 2010). In addition, "problems such as difficulty understanding procedural rules, . . . locating medical experts, and cross-examining witnesses, are largely concerns that any pro se litigant would face." Pitts v. Espinda, 2016 WL 11696329, at *5 (D. Haw. Apr. 18, 2016) (citations omitted). "Thus, Plaintiff's anticipated difficulty locating and deposing witnesses and experts, obtaining discovery, and litigating this action while [in custody] . . . does not constitute 'exceptional circumstances' beyond those any pro se prisoner litigant would face." Id. The Court also notes that Plaintiff has demonstrated his ability to engage in certain aspects of discovery already. See ECF No. 38 (Plaintiff's disclosure of non-expert witnesses).

5

The Court thus FINDS Plaintiff has not demonstrated exceptional circumstances justifying appointment of counsel at this time and therefore RECOMMENDS that Plaintiff's motion for appointment of counsel be DENIED WITHOUT PREJUDICE. See Wilkins v. Gonzales, 2017 WL 3333989, at *2 (E.D. Cal. Aug. 7, 2017) ("At this early stage in the litigation, it is difficult to gauge plaintiff's likelihood of success on the merits, but he has demonstrated ample ability to articulate his claims and advance his positions; several of his claims have survived statutory screening[.]  Consequently, plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel.").

## CONCLUSION

The Court FINDS AND RECOMMENDS that the District Court DENY Plaintiff's Motion for Limited Appointment of Counsel Under 28 U.S.C. § 1915 WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 17, 2021.



Wes Reber Porter
United States Magistrate Judge

**PENQUE v. DEPARTMENT OF PUBLIC SAFETY, ET AL.; CIVIL NO. 20-00338 DKW-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LIMITED APPOINTMENT OF COUNSEL UNDER 28 U.S.C. § 1915 WITHOUT PREJUDICE**